**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| WESLEY FLANNIGAN AND VANESSA GASKIN, | DOCKET NUMBERS DC-0752-13-0367-I-4 |
| Appellants, | DC-0752-13-0354-I-4 |
| v. | |
| DEPARTMENT OF THE AIR FORCE, Agency. | DATE: March 11, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rachelle S. Young, Esquire, Washington, D.C., for the appellants.

Shane McCammon, Esquire, and Avis McAllister, Esquire, Joint Base Andrews, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellants have filed petitions for review of the initial decisions in the above-captioned appeals, which sustained their removals. Generally, we grant petitions such as these only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in the petitioners' appeals, we conclude that the petitioners have not established any basis under section 1201.115 for granting the petitions for review. Therefore, we DENY the petitions for review.[2] We AFFIRM the initial decisions, except as expressly MODIFIED to: (1) VACATE the administrative judge's finding that the appellants committed plagiarism in failing to attribute a quotation to its source, (2) set forth the proper standard for evaluating an affirmative defense of retaliation for protected equal employment opportunity (EEO) activity; and (3) VACATE the administrative judge's finding that the agency showed by clear and convincing evidence that it would have removed Gaskin in the absence of any protected whistleblowing activity.

## BACKGROUND

The appellants formerly served as civilian employees assigned to the 11th Force Support Squadron, Education and Training, located at the agency's Joint Base Anacostia Bolling (JBAB). *Flannigan v. Department of the Air Force*, MSPB Docket No. DC-0752-13-0367-I-1, Initial Appeal File (*Flannigan* IAF), Tab 7 at 16, Tab 8 at 57; *Gaskin v. Department of the Air Force*, MSPB Docket No. DC-0752-13-0354-I-1, Initial Appeal File (*Gaskin* IAF), Tab 8 at 14, 69. Flannigan served as Chief of Education and Training, GS-1740-13, and Gaskin served as an Education Services Specialist, GS-1740-11. *Flannigan* IAF, Tab 7

_____
[2] Because the petitions for review raise virtually identical issues regarding the initial decisions, we have issued a single decision addressing both petitions for review.

at 16, Tab 8 at 57; *Gaskin* IAF, Tab 8 at 14, 69. In December 2012, the agency proposed the appellants' removals for alleged misconduct arising from their completion of exams during their enrollment in the Air Command and Staff College, and in the case of Flannigan, for additional misconduct. *Flannigan* IAF, Tab 8 at 57-59; *Gaskin* IAF, Tab 8 at 69-71. Specifically, the agency proposed Flannigan's removal for conduct unbecoming of a Federal employee, falsifying official documents, and lack of candor; and it proposed Gaskin's removal for conduct unbecoming of a Federal employee. *Flannigan* IAF, Tab 8 at 57-59; *Gaskin* IAF, Tab 8 at 69-71. Each appellant provided an oral and written reply to their respective proposed removal. *Flannigan* IAF, Tab 7 at 21-22, 34-105, Tab 8 at 3-55; *Gaskin* IAF, Tab 8 at 28-67. In February 2013, the agency removed the appellants, effective February 19, 2013. *Flannigan* IAF, Tab 7 at 16, 18-19; *Gaskin* IAF, Tab 8 at 14, 16-17.

The appellants timely appealed their removals to the Board and requested a hearing. *Flannigan* IAF, Tab 1; *Gaskin* IAF, Tab 1. During the proceedings below, the appeals were consolidated, and a joint, bifurcated hearing was held over 3 days. *Flannigan and Gaskin v. Department of the Air Force*, MSPB Docket No. DC-0752-15-0041-I-3, Consolidated Appeal File (I-3 CAF), Tab 35, Hearing CD (HCD) 1, Tab 61, HCD 2. On March 1, 2017, the administrative judge held a joint hearing concerning the appellants' affirmative defense of due process violations in the agency's removal proceedings, and he subsequently issued an order finding no due process violations. I-3 CAF, Tab 42. On July 18-19, 2017, the administrative judge held a second joint hearing concerning the merits of the removals and the appellants' remaining affirmative defenses; he subsequently severed the appeals and issued separate initial decisions sustaining the appellants' removals. *Flannigan v. Department of the Air Force*, MSPB Docket No. DC-0752-13-0367-I-4, Appeal File (*Flannigan* I-4 AF), Tabs 2-3; *Gaskin v. Department of the Air Force*, MSPB Docket No. DC-0752-13-0354-I-4, Appeal File (*Gaskin* I-4 AF), Tabs 2-3. Specifically, the administrative judge

found that, in each case, the agency proved its charges, that a nexus existed between the misconduct and the efficiency of the service, and that the penalty of removal was reasonable. *Flannigan* I-4 AF, Tab 3, Initial Decision (*Flannigan* ID) at 5-25, 29; *Gaskin* I-4 AF, Tab 3, Initial Decision (*Gaskin* ID) at 5-19, 23. The administrative judge also found that neither appellant proved the affirmative defense of retaliation for protected EEO activity, and Gaskin did not prove her affirmative defense of whistleblower retaliation. *Flannigan* ID at 25-29; *Gaskin* ID at 19-23.

The appellants have timely filed petitions for review challenging the initial decisions. *Flannigan v. Department of the Air Force*, MSPB Docket No. DC-0752-13-0367-I-4, Petition for Review (*Flannigan* PFR) File, Tab 5; *Gaskin v. Department of the Air Force*, MSPB Docket No. DC-0752-13-0354-I-4, Petition for Review (*Gaskin* PFR) File, Tab 5. The agency has opposed the petitions. *Flannigan* PFR File, Tab 7; *Gaskin* PFR File, Tab 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly found that the agency did not violate the appellants' right to due process.</u>

On review, the appellants argue that the administrative judge erred in finding that they did not show that the agency denied them due process, as the agency provided them with insufficient information about the charge of conduct unbecoming a Federal employee for them to provide a meaningful response to the notices of proposed removal. *Flannigan* PFR File, Tab 5 at 14-22; *Gaskin* PFR File, Tab 5 at 15-23; *see* I-3 CAF, Tab 42. An employee must receive advanced written notice stating the specific reasons for the proposed adverse action in sufficient detail to allow the employee to make an informed reply to the action. *Smith v. Department of the Interior*, 112 M.S.P.R. 173, ¶ 5 (2009); *see* 5 U.S.C. § 7513(b)(1); *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985) (explaining that the essential requirements of constitutional due process for a tenured public employee are notice of the charges against him, with an

explanation of the evidence, and an opportunity for the employee to present his account of events prior to the deprivation of his property right to continued employment). The Board will not consider or sustain charges that are not included in the proposal notice. *Smith,* 112 M.S.P.R. 173, ¶ 5.

Although the notices of proposed removal provided little information as to the specific conduct underlying the charge of conduct unbecoming a Federal employee, the administrative judge properly concluded that the notices and supporting documentation provided sufficient information to convey the agency's allegations that the appellants improperly conspired in answering an essay exam and six multiple choice exams, and the basis for those allegations. I-3 CAF, Tab 42 at 3; *see Flannigan* IAF, Tab 8 at 57-203, Tab 9, Tab 10 at 3-76; *Gaskin* IAF, Tab 8 at 69-80, Tab 9, Tab 10 at 3-158, 162-68. We agree with the administrative judge that the lack of specific information as to how the appellants accomplished cheating on the exams did not deprive the appellants of a meaningful opportunity to respond to the charges, as the agency's charges relied upon circumstantial evidence, which it provided to the appellants. I-3 CAF, Tab 42 at 3-4; *see Creer v. U.S. Postal Service*, 62 M.S.P.R. 656, 659-60 (1994) (holding that circumstantial evidence may be used to satisfy an agency's burden of proof); *see also Lewis v. Department of Agriculture*, 268 F. App'x 952, 958 (Fed. Cir. 2008) (nonprecedential) (observing that it may be inherent in the nature of the charge that great specificity is not possible).[3] Additionally, the record supports the administrative judge's finding that the appellants' replies reflected that they understood the charges and provided specific responses to them. I-3 CAF, Tab 42 at 4; *see Yinat v. Department of the Army*, 101 M.S.P.R. 328, ¶ 15 (2005) (providing that, when an appellant comes forward and refutes a charge made against him, the Board cannot find that he was not given notice of

---

[3] The Board may follow a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit when, as here, it finds its reasoning persuasive. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

the charge).  Accordingly, we affirm the administrative judge's conclusion that the appellants were afforded sufficient due process.

<u>The administrative judge properly considered witness testimony in finding that the agency proved its charges.</u>

On review, the appellants argue that the administrative judge erred in relying on the agency's expert witness testimony in finding that the agency supported its charges of conduct unbecoming a Federal employee.  *Flannigan* PFR File, Tab 5 at 22-28; *Gaskin* PFR File, Tab 5 at 23-29.  The appellants assert that the agency's expert testimony was not reliable because the sample size he used to compare the appellants' answers on each multiple choice exam to those of other test-takers was too small, and the approach he used to compensate for a small sample size deviated from the traditional statistical approach and was not published or peer-reviewed.  *Flannigan* PFR File, Tab 5 at 24-28; *Gaskin* PFR File, Tab 5 at 24-29.  The administrative judge acknowledged these factors, but he concluded that the expert witness presented strong, highly credible evidence in support of his methodology.  *Flannigan* ID at 11-18; *Gaskin* ID at 10-17.

The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing.  *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).  Although the Board may decline to defer to an administrative judge's credibility findings that are abbreviated, based on improper considerations, or unsupported by the record, *Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 13 (2001), it may not overturn an administrative judge's demeanor-based credibility findings merely because it disagrees with those findings, *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372 (Fed. Cir. 2016).

The appellants offer no support for their assertion that the principles set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), pertaining to the admissibility of expert testimony, are binding on the Board, and

we can find none. *See Flannigan* PFR File, Tab 5 at 23; *Gaskin* PFR File, Tab 5 at 24. The Federal Rules of Evidence are used as nonbinding guidance by the Board. *Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶ 35 (2010), *aff'd,* 635 F.3d 526 (Fed. Cir. 2011)*, and overruled on other grounds by Department of Health and Human Services v. Jarboe*, 2023 MSPB 22. The factors espoused by the U.S. Supreme Court in *Daubert* are based on its interpretation of the Federal Rules of Evidence and are similarly not binding on the Board.[4] *See Daubert*, 509 U.S. at 586-95 (finding that the adoption of the Federal Rules of Evidence superseded the "general acceptance" test for determining the admissibility of expert opinion based on a scientific technique formulated in *Frye v. United States*, 293 F. 1013, 1014 (D.C. Cir. 1923), and interpreting Rule 702 of the Federal Rules of Evidence). Based upon our review of the record, the administrative judge properly accorded weight to the expert testimony, consistent with the Federal Rules of Evidence, particularly where the

---

[4] Moreover, *Daubert* and its progeny apply to the admissibility of evidence, whereas the appellants' arguments go to the weight of the expert testimony. Nevertheless, the difference between admissibility and weight is in many instances a close question, and our reviewing court has held that when the reliability of expert testimony has been raised, in assigning weight to the testimony, a trial court acting as a fact finder should ordinarily take into account, among other considerations which may bear on the reliability of expert testimony, factors which have been authoritatively identified as important. *Libas, Ltd. v. United States*, 193 F.3d 1361, 1366-67 (Fed. Cir. 1999). Federal Rule of Evidence 702, amended in response to *Daubert* and its progeny, states that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; Fed. R. Evid. 702 advisory committee's note.

expert witness' methodology was derived from generally accepted statistical techniques and designed to address the shortcomings of a small sample size, the expert witness consulted with other experts in his field about his modified methodology, and the administrative judge found his testimony to be highly credible. HCD 2 (testimony of the expert witness); *Flannigan* ID at 11-18; *Gaskin* ID at 10-17; *cf. Summit 6, LLC v. Samsung Electronics Co., Ltd.*, 802 F.3d 1283, 1298 (Fed. Cir. 2015) (noting that the fact that methodology is not peer-reviewed or published "does not necessitate its exclusion"). Moreover, the record reflects that the administrative judge considered the totality of the evidence in finding that the agency proved its charges of conduct unbecoming a Federal employee.[5] *Flannigan* ID at 5-19; *Gaskin* ID at 5-18.

The appellants also appear to allege that the administrative judge erred in crediting the testimony of an Air University official in finding that the appellants collaborated on their essay exams because the official's testimony that she did not compare the appellants' essays to those of other students conflicted with her conclusion that the appellants inadequately explained the similarities in their essays. *Flannigan* PFR File, Tab 5 at 28-29; *Gaskin*, PFR File, Tab 5 at 29; *see Flannigan* ID at 7-11; *Gaskin* ID at 6-10. The administrative judge did not address the Air University official's testimony that she did not compare the appellants' essays to other essays; however, his failure to mention it does not mean that he did not consider it in crediting the official's testimony. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd,*

---

[5] In particular, the administrative judge first compared the appellants' essay exams line-by-line and observed that the essays contained stunning parallels, including the use of identical, atypical language at similar junctures in the essays. *Flannigan* ID at 7-11; *Gaskin* ID at 6-10. The administrative judge then reviewed the appellants' multiple choice exams, noting that over the six exams upon which the appellants allegedly cheated, the appellants posted 289 matching answers out of 300 total questions, and most of the answers were identical, whether right or wrong. *Flannigan* ID at 11-19; *Gaskin* ID at 10-18. For example, the administrative judge observed that on the third multiple choice exam, each appellant missed the exact same 15 questions and provided matching wrong answers, and that a similar pattern repeated itself throughout the exams. *Flannigan* ID at 13; *Gaskin* ID at 12.

776 F.2d 1062 (Fed. Cir. 1985) (Table).  Moreover, this testimony did not conflict with other aspects of her testimony; rather, it was evidence to be weighed in assessing the strength of her conclusions.  HCD 2 (testimony of the Air University official).  While such a comparison would have strengthened her conclusions, the official nevertheless provided a detailed assessment of the similarities between the appellants' essay exams and based her conclusions on her experience in testing and having read 60 to 100 other student essay exams during her tenure at Air University.  *Id.*  Accordingly, we find no error in the administrative judge's findings crediting her conclusions that the appellants collaborated on their essay exams.

The appellants further allege that the administrative judge precluded them from presenting evidence regarding the standard practices and procedures for testing at JBAB and subsequently relied on inaccurate assumptions about testing procedures.  *Flannigan* PFR File, Tab 5 at 29-30; *Gaskin*, PFR File, Tab 5 at 30.  Our review of the July 18, 2017 hearing record does not reflect that the administrative judge excluded such evidence, and the appellants have not cited to the record to support their allegation; thus, we cannot conclude that an error occurred.  HCD 2 (testimony of the Air University official, test control officer, expert witness, and former test control officer).  Moreover, as the appellants acknowledge in their petition, they presented the testimony of a former test control officer, who testified at length about testing procedures.[6]  *Flannigan* PFR File, Tab 5 at 29; *Gaskin* PFR File, Tab 5 at 30.  The appellants do not explain how additional testimony would have affected the administrative judge's finding that Flannigan's failure to sign a paper log-in sheet for his multiple choice exams was unusual and inappropriate, which we find to be supported by the record.

---

[6] The only evidence that the administrative judge excluded during the former test control officer's testimony was a testing standard operating procedure to which the agency objected as irrelevant.  HCD 2 (testimony of the former test control officer).  The administrative judge sustained the objection but informed the appellants' counsel that she could reintroduce the document should the agency raise the issue to which it was relevant later in the proceedings.  *Id.*

*Flannigan* ID at 12-13; *Gaskin* ID at 11-12. Accordingly, we find that the administrative judge properly sustained the charge of conduct unbecoming a Federal employee brought against both appellants.[7]

On review, the appellants do not dispute the administrative judge's findings that the agency proved the remaining charges against Flannigan of falsifying official documents and lack of candor, and they do not dispute that the agency proved that there was a nexus between the grounds for the appellants' removals and the efficiency of the service, and the penalties of removal fell within the tolerable limits of reasonableness, and we discern no reason to disturb these findings. *Flannigan* ID at 19-25; *Gaskin* ID at 18-19; *see Clay v. Department of the Army,* 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility); *Broughton v. Department of Health and Human Services,* 33 M.S.P.R. 357, 359 (1987) (same).

<u>The administrative judge's discussion of the appellants' prima facie case of EEO retaliation is modified to reflect the correct standard for evaluating an affirmative defense of retaliation for protected EEO activity.</u>

The appellants do not challenge the administrative judge's findings that neither appellant proved their affirmative defense of retaliation for protected EEO

---

[7] In concluding that the agency proved its charge of conduct unbecoming a Federal employee, the administrative judge also found that the appellants violated Air Force Instruction (AUI) 36-2309 when they failed to attribute a quotation to its source in each of their essay exams. *Flannigan* ID at 11; *Gaskin* ID at 10. The agency did not identify this specific violation in support of the charge of conduct unbecoming a Federal employee, and it appears to have been first identified as a potential violation of the AUI during hearing testimony. *See Flannigan* IAF, Tabs 7-10; *Gaskin* IAF, Tabs 8-10; HCD 2 (testimony of the Air University official and the appellants). As the agency did not include this violation in its charge of conduct unbecoming, and the appellants did not have notice of the violation, to the extent that the administrative judge concluded that this constituted another violation of AUI 36-2309 in support of the charge of conduct unbecoming a Federal employee, his findings were in error, and we vacate this section of the initial decision. *See Smith,* 112 M.S.P.R. 173, ¶¶ 6-7 (concluding that the administrative judge improperly considered a specification that was not set forth in the proposed removal or decision sustaining the removal).

activity. *Flannigan* ID at 25-29; *Gaskin* ID at 19-23. However, we modify the administrative judge's findings on the appellant's EEO retaliations claims to apply the standards as set forth in recent law. An appellant may prove a claim of discrimination based on age, race, color, religion, sex, or national origin under the motivating factor standard, in other words, by proving that prohibited discrimination played "any part" in the contested action. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22. Claims of retaliation for opposing discrimination in violation of Title VII are analyzed under this same framework. *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 32; *Pridgen*, 2022 MSPB 31, ¶ 30. However, a but-for causation standard is applicable to Americans with Disabilities Act (ADA) retaliation claims. *Desjardin*, 2023 MSPB 6, ¶ 33. An appellant may prevail on such a claim by showing that retaliation was a but-for cause of the agency's action. *Desjardin*, 2023 MSPB 6, ¶ 33; *Pridgen*, 2022 MSPB 31, ¶ 44-47. The but-for standard is more stringent than the motivating factor standard. *Desjardin*, 2023 MSPB 6, ¶ 31; *Pridgen*, 2022 MSPB 31, ¶ 47.

Here, appellant Flannigan claimed that the agency retaliated against him for engaging in activity protected under the ADA. He has not challenged the administrative judge's finding that, based on the evidence as a whole, he failed to meet the lesser burden of proving that his protected activity was a motivating factor in his removal. Because we agree with the administrative judge's finding that the appellant failed to meet this lesser burden, we also find that he failed to meet the more stringent but-for standard that applies to his retaliation claim. *See Desjardin*, 2023 MSPB 6, ¶ 33.

It is not clear whether appellant Gaskin's EEO retaliation claim was grounded in activity protected by Title VII or whether, like in Flannigan's case, her retaliation claim was based on protected ADA activity, in which case she would be required to show that retaliation was a but-for cause of the agency's decision to remove her. However, as in Flannigan's case, she does not challenge

on review the administrative judge's finding that she failed to meet the lesser motivating factor standard. Therefore, even if the more stringent but-for standard applied in her case, her failure to meet the lesser motivating factor standard means she also failed to meet the more stringent but-for standard that would apply if her claim were an ADA retaliation claim. *See Desjardin*, 2023 MSPB 6, ¶ 33. Accordingly, we conclude that both appellants failed to prove this affirmative defense, as modified to incorporate the correct standard identified in *Pridgen* and *Desjardin*.

The administrative judge's finding that the agency proved that it would have removed Gaskin in the absence of any protected whistleblowing activity is vacated.

On review, Gaskin does not challenge the administrative judge's finding that she did not show that her disclosure to the agency Inspector General was a contributing factor in her removal. *Gaskin* ID at 21, 21 n.16. Given the administrative judge's conclusion that the appellant did not make the requisite showing, it was improper for him to determine whether the agency would have taken the same action in the absence of the appellant's alleged whistleblowing activity. *See Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014) (stating that the Board may not proceed to the clear and convincing test unless it has first determined that the appellant established her prima facie case), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015). Accordingly, we vacate the administrative judge's finding that the agency proved by clear and convincing evidence that its removal was taken for legitimate reasons.[8] ID at 21 n.16.

---

[8] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

**NOTICE OF APPEAL RIGHTS**[9]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.